IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,                )
                                    )       No. 31970-9-III
            Respondent,             )       (consolidated with
                                    )       No. 31971-7-III)
    v.                              )
                                    )
TONY ALLEN BARCLAY,                 )       UNPUBLISHED OPINION
                                    )
            Appellant.              )

KORSMO, J. — This is the second time this case has been before this court.

Unfortunately, we must send the case back for a third sentencing proceeding.

FACTS

Tony Barclay pleaded guilty to charges of second degree burglary and third degree

theft under one file and one count of second degree assault under a second file in

accordance with a plea agreement. Different prosecutors were involved in the two cases.

The parties jointly recommended concurrent sentences of 51 months on the burglary and

69 months on the assault charge. However, the trial court imposed sentences of 60 and

84 months, respectively, and appeared to order that they be served consecutively.

On appeal, this court affirmed the two convictions, but reversed the sentences and

remanded "for resentencing" because it was unclear if the court intended consecutive

sentences (permissible as an exceptional sentence) or concurrent sentences.[1] *See* No. 30475-2-III (cons. with No. 30477-9-III; filed April 18, 2013) at 1, 7. The matter proceeded to a second sentencing hearing before a new judge since the original trial judge had retired.

Defense counsel asked the court to impose the originally recommended sentences. One of the prosecutors concurred that their recommendation was "as [defense counsel] indicated in both cases." Report of Proceedings (RP) at 26. The other prosecutor, however, indicated that "the State's position is that we simply keep the same amount of time originally imposed." RP at 31. Both prosecutors also told the court that the purpose of the hearing was solely to correct the consecutive/concurrent sentence problem. RP at 26, 30.

The court imposed concurrent sentences of 60 and 84 months. Mr. Barclay again timely appealed to this court.

## ANALYSIS

Mr. Barclay contends that the prosecutors breached the plea agreement by advising that the court was only to correct the concurrent/consecutive sentence problem, thereby effectively recommending the higher sentences imposed by the initial trial judge

---

[1] We also noted that the court appeared to use an incorrect offender score on the burglary charge. *See State v. Barclay*, noted at 174 Wn. App. 1042, slip op. at 6-7 (2013).

2

instead of the lower figures required by the plea agreement. We need not decide whether they did breach the agreement because their apparent confusion, even if not shared by the trial judge, justifies a remand for a new sentencing hearing—the same remedy that Mr. Barclay asks us to apply if we find a breach of the agreement.

Plea agreements are contracts that both sides must live up to. *State v. Sledge*, 133 Wn.2d 828, 838-39, 947 P.2d 1199 (1997). Prosecutors also have a due process obligation to comply with the terms of the plea agreement. *Id.* at 839. That requires the prosecutor to make "the promised sentencing recommendation" even though she need not do so with enthusiasm. *Id.* at 840. The prosecutor also must not undercut or attempt to circumvent the agreement. *Id.* at 840-41. The due process protection exists even as to negligent failings by the prosecutor. *E.g., Santobello v. New York*, 404 U.S. 257, 260-63, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971).

When there is a breach of a plea agreement, the defendant has the option of withdrawing his guilty plea or seeking specific performance of the agreement. *State v. Barber*, 170 Wn.2d 854, 855, 248 P.3d 494 (2011). Specific performance gives the parties the benefit of their bargain. *Id.* at 859. The remedy of specific performance is not available in cases of mutual mistake by the parties. *Id.* at 873-74.

Mr. Barclay argues that the prosecutor undercut the agreement by telling the trial court that the sole purpose of the hearing was to correct the consecutive sentence problem and that he is entitled to specific performance of the plea agreement. It is a debatable

argument whether there was an actual breach of the plea agreement in light of the facts that (1) the trial judge appeared to understand that he had full resentencing authority and (2) one of the prosecutors confirmed that the plea agreement sentence recommendations were as the defense attorney stated. While complaining that the prosecutor might be undercutting the agreement, defense counsel never asked the prosecutors to make the agreed upon recommendations.

Instead of deciding this issue, we resolve the case on the related issue of the prosecutor's due process obligation to comply with the plea agreement. As we noted in our first opinion, the matter was remanded for resentencing. That required the parties to educate the new judge on their positions so that the judge could exercise his sentencing discretion. The prosecutors therefore had a duty to comply with the agreement and make their sentencing recommendation. *Sledge*, 133 Wn.2d at 839-40. That was not done because the prosecution appeared to confuse the reason why this court reversed the original sentence with what needed to be done at resentencing. As a result, Mr. Barclay did not get his agreed upon recommendation from the prosecutors. In light of their apparent confusion, the prosecutors did not provide Mr. Barclay with due process of law at the resentencing.

Accordingly, we remand for another new resentencing hearing. The court again will have to impose an appropriate sentence and the prosecutors will need to make their agreed upon recommendations. The trial judge, having already rejected an exceptional

sentence consisting of consecutive terms, is free to impose concurrent sentences within the standard range. The court may well impose the same sentence handed down twice previously, or it may not, but it must act after the prosecutors have lived up to their obligations under their agreement.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Brown, J.

Siddoway, C.J.